UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL MCCOY,

        Petitioner,

v.

J.A. JAMISON,

        Respondent.

Civil Action
No. 20-966 (CPO)

OPINION

**O'HEARN, District Judge.**

Petitioner is a federal prisoner, and he is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent filed an Answer opposing relief (ECF No. 6), and Petitioner did not file a reply. For the reasons set forth below, the Court will deny the Petition.

## I.    BACKGROUND

This case arises from two of Petitioner's federal sentences. First, on February 11, 2014, state authorities arrested Petitioner on gun charges, and on February 21, 2014, Petitioner was released on bond. (ECF No. 6-1, ¶ 3.) A few months later, on April 22, 2014, the United States District Court for the Northern District of Texas issued an indictment on gun charges, in Crim. No. 14-162 (N.D. Tex.), and federal authorities arrested Petitioner on April 25, 2014. (*Id*. ¶ 4.) On that same day, state authorities rearrested Petitioner, and he remained in state custody until September 9, 2014, when he was released on bond and transferred into the custody of the federal government in connection with Crim. No. 14-162. (*Id*. ¶¶ 3, 5, 7.) Petitioner remained in federal custody. (*Id*. ¶ 7.) On September 24, 2014, the Northern District of Texas charged Petitioner in a second federal case, one involving a drug conspiracy, Crim. No. 14-367 (N.D. Tex.). (*Id*. ¶ 8.)

On February 25, 2015, the federal court sentenced Petitioner to 37 months in prison, in the gun case, Crim. No. 14-162. (*Id*. at ¶ 9.) Later that year, on November 4, 2015, the federal court sentenced Petitioner in the drug conspiracy case, Crim. No. 14-367, to 160 months in prison, to run concurrently with the sentence in Crim. No. 14-162. (*Id*. ¶ 10.) The Bureau of Prisons ("BOP") calculated Petitioner's sentences as follows:

> The BOP computed Petitioner's sentences to run concurrently, as indicated in the sentencing judge's direction in 14-cr-367. First, the BOP aggregated Petitioner's two terms of incarceration in accordance with 18 U.S.C. § 3584(c), and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984). [ECF No. 6-1, ¶ 12]. A concurrent aggregation of two sentences is calculated by first adding the original term to the date the sentence was imposed, producing a full term date. Then the second term is added to the date it was imposed (usually a later date), thus creating the full term date of the second term. The full term date of the first sentence is then subtracted from the full term date of the second term, which equals the overlap between the two terms. The length of the original sentence is then added to the overlap in order to produce the total aggregate length of the two sentences. *Id*. at ¶ 14.
>
> In Petitioner's case, the BOP prepared a sentence computation for the Petitioner based on a term of imprisonment of 14 years and 7 days, commencing on February 25, 2015, (the date the first sentence was imposed). An overlap of 10 years, 11 months and 7 days was added to the pre-existing 37-month term (14-years and 7-days), as required by 18 U.S.C. § 3584(c), resulting in a 14 years and 7 day overall aggregate term of imprisonment. A total of 317 days of prior custody credit was applied to the sentence computation from February 11, 2014, through February 21, 2014 and from April 25, 2014, through February 24, 2015, the date prior to the first sentence being imposed. *Id*. ¶ 15.
>
> Though the two sentences are aggregated, they have different dates of imposition (February 25, 2015 and November 4, 2015). Under 18 U.S.C. § 3585(a), and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), the earliest possible date a sentence can commence is the date on which it is imposed. *See id*. ¶ 13. As a result, the sentence in the 14-cr-367 case has a later date of imposition and an "effective full term date" which is longer than that in 14-cr-162. *Id*. at ¶ 16.

(ECF No. 6, at 3–4 (citing ECF No. 6-1, ¶¶ 12–16).)

After exhausting his administrative remedies, Petitioner filed the instant Petition, arguing that he should receive additional credit against his drug conspiracy sentence, Crim. No. 14-367, for the time he spent in custody between February 25, 2015, and November 4, 2015. (ECF No. 1, at 10–11.)

## II.   STANDARD OF REVIEW & JURISDICTION

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).

If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

Where a petitioner fails to identify evidence outside the record that would support or "otherwise . . . explain how . . . an evidentiary hearing" would advance his claim, a court is within its discretion to deny an evidentiary hearing. *Campbell*, 209 F.3d at 287. In exercising that discretion, a court must accept the truth of a petitioner's factual allegations unless the record shows that they are clearly frivolous. *Friedland*, 879 F. Supp. at 434; *c.f. United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time" he files his petition. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)).

This Court has subject matter jurisdiction under § 2241 to consider the Petition because Petitioner challenges his custody under the laws of the United States, and he was incarcerated in New Jersey at the time he filed the Petition.

### III.   DISCUSSION

As mentioned above, Petitioner argues that he should receive additional credit against his drug conspiracy sentence, Crim. No. 14-367, for the time he spent in custody between February 25, 2015, and November 4, 2015. (ECF No. 1, at 10–11.)  In response, Respondent contends that the BOP correctly calculated Petitioner's sentences.  In particular, Respondent argues that the time at issue cannot count against the sentence in Crim. No. 14-367, because: (1) a sentence cannot commence prior to its date of imposition, and (2) "Petitioner cannot receive prior custody credit . . . because he has already received credit for that period of time against" the sentence in Crim. No. 14-162, "and the BOP is statutorily prohibited from double-counting." (ECF No. 6, at 5.)

Under our jurisprudence, the "authority to calculate a federal sentence and provide credit for time served . . . [belongs] to the Attorney General, who acts through the BOP." *Goodman v. Grondolsky*, 427 F. App'x. 81, 82 (3d Cir. 2011) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 333–35 (1992)).  "In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Id.* (citing 18 U.S.C. § 3585).

In the present case, to the extent Petitioner contends that the BOP should have started counting both of his sentences on February 25, 2015, the date of his first sentence, the Court

4

disagrees. Under that theory, Petitioner would effectively receive a credit against his drug conspiracy sentence, Crim. No. 14-367, as ordinary time served, for the time he spent in custody between February 25, 2015, and November 4, 2015.

A federal sentence, however, "commences when the defendant is received by the Attorney General for service of his federal sentence." *See, e.g.*, *Rashid v. Quintana*, 372 F. App'x 260, 262–63 (3d Cir. 2010) (citing 18 U.S.C. § 3585(a)). "As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed." *Id.*; *Taylor v. Holt*, 309 F. App'x 591, 592–93 (3d Cir. 2009). In other words, "the earliest possible date a federal sentence may commence is the date it was imposed." *E.g.*, *Pitts v. Spaulding*, No. 15-0644, 2015 WL 8482041, at *4 (M.D. Pa. Dec. 10, 2015) (internal quotation marks omitted).

With those principles in mind, the "BOP could not commence" Petitioner's drug conspiracy sentence, in Crim. No. 14-367, at any point earlier than its date of imposition, on November 4, 2015. *Rashid*, 372 F. App'x at 262; *Proctor v. Finley*, No. 19-630, 2020 WL 618621, at *3 (M.D. Pa. Feb. 10, 2020); *Hernandez-Rivera v. Hollingsworth*, No. 16-0551, 2016 WL 4820619, at *6 (D.N.J. Sept. 14, 2016). As a result, the BOP could not have counted the time between February 25, 2015, and November 4, 2015, as ordinary time served, against Petitioner's sentence in Crim. No. 14-367.

Next, Petitioner appears to argue that he should receive prior custody credit for the time he spent in custody between February 25, 2015, and November 4, 2015, against his sentence in Crim. No. 14-367. The statute which governs prior custody credit, 18 U.S.C. § 3585(b), states as follows:

> Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or

>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *That has not been credited against another sentence.*

(emphasis added). *Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").

Consequently, because the BOP already counted the time period between February 25, 2015, to November 4, 2015, against Petitioner's earlier sentence, in Crim. No. 14-162, the BOP could not award Petitioner credit for the same time period against his latter sentence, in Crim. No. 14-367. 18 U.S.C. § 3585(b); *Rashid*, 372 F. App'x at 262–63; *see, e.g.*, *Banks v. Quay*, No. 21-1215, 2021 WL 5988565, at *4 (M.D. Pa. Dec. 17, 2021) (rejecting petitioner's argument that he was entitled to double credit against concurrent federal sentences).

In his Petition, Petitioner argues that the sentencing court intended that he receive credit against his sentence in Crim. No. 14-367, for the time period in question. (ECF No. 1, at 10–11). Petitioner alleges that the court stated that it "was giving Petitioner credit 'for the time [he] served,'" and Petitioner emphasizes that his judgment of conviction states that Petitioner "shall receive credit for time served in federal custody prior to sentencing." (*United States v. McCoy*, Crim. No. 14-367, ECF No. 1234 (N.D. Tex.)).

The flaw in Petitioner's argument is that "district courts have no authority to credit time toward a sentence under § 3585(b)—that function rests in the sole authority of the BOP." *Blood v. Bledsoe*, 648 F.3d 203, 206–07 (3d Cir. 2011); *see also United States v. Wilson*, 503 U.S. 329, 333 (1992) ("A district court . . .cannot apply § 3585(b) at sentencing."); *United States v. Los Santos*, 283 F.3d 422, 427 (2d Cir. 2002); *Dowling v. Carter*, No. 12-177, 2013 WL 2237866, at *4 (N.D.W. Va. May 21, 2013) ("The sentencing court's erroneous calculation of the credit

6

Dowling would receive for time served is irrelevant."); *Pilarte-Harrigan v. Owens*, No. C.A. 3:10-885, 2011 WL 251469, at *6 (D.S.C. Jan. 26, 2011), *aff'd*, 434 F. App'x 171 (4th Cir. 2011); *Fletcher v. U.S. Atty. Gen.*, No. 09-379, 2010 WL 3938373, at *5–6 (E.D. Ky. Oct. 5, 2010); *Chambers v. Holland*, 920 F. Supp. 618, 623 (M.D. Pa.) ("Judge Glasser had no authority to grant petitioner credit for time served prior to the date of his federal sentencing. . . . Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence."), *aff'd*, 100 F.3d 946 (3d Cir. 1996). If Petitioner believes that his sentencing court intended to reduce his sentence in Crim. No. 14-367, to account for his time served between February 25, 2015, to November 4, 2015, any potential avenue for relief would be by motion before his sentencing court.

For all those reasons, Petitioner has failed to show that the BOP erred in calculating his sentence or that he is otherwise entitled to additional credits. Accordingly, Petitioner is not entitled to habeas relief on these claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court will deny the Petition. An appropriate Order follows.


DATED: April 7, 2022

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**